**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**ALICIA BOLER**                                                                                         **PLAINTIFF**

**VS.**                          **CASE NO. 3:15CV00395 PSH**

**DOLGENCORP LLC, dba
DOLLAR GENERAL**                                                                               **DEFENDANT**

## ORDER

The defendant, Dolgencorp LLC d/b/a Dollar General ("Dollar General"), seeks summary judgment in this personal injury diversity case brought by Alicia Boler ("Boler").

Federal Rule of Civil Procedure 56 provides for the entry of summary judgment only in those circumstances where there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.

> This may occur when a plaintiff cannot demonstrate that a genuine fact issue exists. But the party opposing the summary judgment must be given the benefit of all favorable factual inferences, and summary judgment cannot be granted when the non-movant shows that an alleged undisputed fact actually presents a triable issue.

*Holloway v. Lockhart, et al.*, 8l3 F.2d 874, 878 (8th Cir.l987) (citations omitted).

Once a motion for summary judgment is made and supported, it places an affirmative duty on the non-moving party to "go beyond the pleadings and present affirmative evidence showing that a genuine issue of material fact exists." *See Uhiren v. Bristol-Meyers Squibb Company, Inc.*, 346 F.3d 824, 827 (8th Cir. 2003).

In her complaint, Boler alleges she was injured on September 21, 2015, while shopping at a Dollar General store in Paragould, Arkansas. She states that a bottle of Mr. Clean fell from a shelf

and burst, causing injuries to her eyes and scarring.

Dollar General argues summary judgment is proper because Boler cannot establish negligence, and submits the affidavit of the store manager, Chris Robinson ("Robinson"), along with an excerpt from Boler's deposition, in support. Robinson was the general manager at the Dollar General store in Paragould, Arkansas, and was working on the date of the incident. Docket entry no. 10-2, page 1. He states as follows:

> It is my understanding that Ms. Boler claims a bottle of Mr. Clean fell from a shelf and onto the floor, burst, and splashed cleaner into her face. Approximately 30 minutes before this incident, I was in the cleaning solution aisle inspecting it for hazards such as foreign objects on the floor or unsafe displays. During my inspection, I observed that the bottles of Mr. Clean were properly stocked and displayed. Between my inspection and the time of Ms. Boler's incident, I noticed that other customers entered the aisle but none reported any problems or hazards. I also inspected the aisle immediately after the incident and, with the exception of the bottle that was on the floor, all the Mr. Clean bottles were still properly stocked. I have no explanation as to how or why this bottle would have fallen absent someone knocking the bottle off the shelf. The Mr. Clean bottles were not stacked in such a manner that they would fall off the shelf without some external force causing them to fall.

Docket entry no. 10-2. Boler has not disputed the facts set forth in Robinson's affidavit.

Dollar General stresses that Boler's deposition testimony also supports its position that summary judgment should be granted. Specifically, Boler stated in her deposition, "I was just looking at it and I went to touch to grab it and I hadn't even touched it yet and one fell off and hit the floor. I automatically went to try to keep it from hitting the floor. I didn't even get to touch it, and it hit the floor and exploded." Docket entry no. 10-1, page 4. She also stated that the bottle fell before she touched any other bottles and she had "no idea" what caused the bottle to fall. *Id.,* page 6. Boler did not remember if there was anyone else on the aisle at the time of the incident, or

whether any other bottles fell. *Id.* Additionally, she was unable to recall how the Mr. Clean bottles were displayed, how the structure of the display could have caused the Mr. Clean bottle to fall, or if anything on the display was out of place before the incident. Docket entry no. 10-1, pages 6-7. Boler claims that the Mr. Clean bottles had to have been displayed incorrectly for the bottle to have fallen off the shelf.

Dollar General's motion for summary judgment is based on an argument that Boler cannot establish, without conjecture or speculation, that negligence on its part caused the bottle to fall. In her response, Boler does not dispute the facts as established in her deposition testimony. She argues, however, that the doctrine of *res ipsa loquitur* applies and supports an inference of negligence, relying on *Fleming v. Wal-Mart, Inc.*, 268 Ark. 559, 595 S.W.2d 241 (Ark. App. 1980).

"The doctrine of res ipsa loquitur was developed to assist in the proof of negligence where the cause [of an accident] is connected with an instrumentality in the exclusive control of a defendant.... It applies where the evidence of the true cause is available to the defendant but not to the plaintiff.... The doctrine, where applicable, allows the jury to infer negligence from the plaintiff's evidence of circumstances surrounding the occurrence...." *Schubert v. Target Stores, Inc.*, 2010 Ark. 466, 6, 369 S.W.3d 717, 720 (2010)(citations omitted). The parties agree to the general statement of the doctrine: *res ipsa loquitur* applies if a plaintiff shows that "(1) the defendant owes a duty to the plaintiff to use due care; (2) the accident is caused by the thing or instrumentality under the control of the defendant; (3) the accident which caused the injury is one that, in the ordinary course of things would not occur if those having control and management of the instrumentality used proper care; and (4) there is an absence of evidence to the contrary." *Schubert,* 2010 Ark. 466, 6, 369 S.W.3d 717, 720-21 (2010). For the doctrine to apply, Boler must show that Dollar General was

responsible for all "reasonably probable causes of the accident." *Nichols v. International Paper Co.*, 278 Ark. 226, 231, 644 S.W.2d 583, 586 (1983). The Arkansas Supreme Court in *Nichols* explained:

> It is never enough for the plaintiff to prove merely that he has been injured by the negligence of someone unidentified. Even though there is beyond all possible doubt negligence in the air, it is still necessary to bring it home to the defendant. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where it is clear that it is at least equally probable that the negligence was that of another, the court must direct the jury that the plaintiff has not proved his case. The injury must either be traced to a specific instrumentality or cause for which the defendant was responsible, or it must be shown that he was responsible for all reasonably probable causes to which the accident could be attributed.

*Nichols*, 278 Ark. at 231, 644 S.W.2d at 586 (citing W. Prosser, Law of Torts § 39; *Dollins v. Hartford Accident & Indemnity Co.*, 252 Ark. 13, 477 S.W.2d 179 (1972).

The parties agree that Dollar General owes a duty to Boler to use due care, and thus the first element required for application of *res ipsa loquitur* is established. The question here is whether the Mr. Clean bottle which fell and injured Boler was under the exclusive possession and control of Dollar General up to the time of Boler's injury. *See, e.g., Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476, 480 (2000)("[I]t is ordinarily required that the instrumentality causing injury have been in defendants' exclusive possession and control up to the time of the plaintiff's injury" in order "[t]o make certain that the injury has not been caused by somebody else, through some intervening negligence.").

Boler urges that *Fleming, supra,* compels a finding in her favor on this issue. *Fleming*, a 1980 decision of the Arkansas Court of Appeals, held that *res ipsa loquitur* applied when a Wal-Mart customer was injured by a metal utility cabinet that fell from a display case. The plaintiff's

4

husband observed the display case for a period of time before the incident, and witnessed another customer open and shut the doors on some of the cabinets during that time. Wal-Mart argued that a third party's handling of the cabinets was an intervening cause and plaintiff could therefore not prove exclusive control. The court rejected this argument and held that Wal-Mart should have considered "ordinary and foreseeable customer handling" when it created the display. 268 Ark. at 246-47; 595 S.W.2d at 570. The eyewitness testimony established that there was no mishandling of the cabinets by the third party customer. Thus, the court stated, "[a]bsent some evidence of customer abuse or some other unforeseeable or uncontrollable event, which would explain the occurrence in question without negligence on the part of the defendant, it is only logical to conclude that the cabinet fell as the result of the negligence of Wal-Mart, and the doctrine of res ipsa loquitur is applicable." *Id.* at 247, 595 S.W.2d at 571.

The Court disagrees that *Fleming* compels a conclusion that the doctrine of *res ipsa loquitur* applies to the facts of this case. In *Dupont v. Fred's Stores of Tennessee, Inc.*, 652 F.3d 878 (8th Cir. 2011), the Eighth Circuit Court of Appeals, applying Arkansas law, examined the *Fleming* case and found *res ipsa loquitur* did not apply when the plaintiff shopper was injured by falling bins from a display shelf. In that case, the plaintiff asked a store employee to pull down a stack of plastic bins that were displayed on a shelf. The bins were pulled down, and then replaced on the shelf when the plaintiff indicated she was not interested in them. The plaintiff returned to the same aisle an undetermined period of time later, and was struck in the head by falling bins. No one witnessed the incident, and the plaintiff could not explain what had happened, stating "I don't know. I just remember holding onto the cart. I was on my knees and my head was hurting, and then some elderly man was standing next to me." 652 F.3d at 880. At trial, the court rejected the plaintiff's proffered

*res ipsa loquitur* jury instruction. After a defense verdict, the plaintiff appealed, contending that *Fleming* compelled a reversal.

The Eighth Circuit panel disagreed, finding that the plaintiff "underestimates the exclusive control requirement. The continuous eyewitness testimony in *Fleming* conclusively established that no customer, including the plaintiff, negligently handled the cabinet in the moments leading up to the accident.... Thus, it could still be said Wal-Mart had exclusive control of the cabinet when it fell, without intervening negligence, from its intended display location. The same cannot be said here because the Duponts cannot account for the time between when the bins were returned to the shelf and the injury." *Id.*, at 884. As a result, the *Dupont* Court concluded the store did not have exclusive control of the bins at the time of the accident, and *res ipsa loquitur* did not apply.[1] In so finding, the court recognized settled Arkansas law that *res ipsa loquitur* does not apply when "there [are] other possibilities which the jury could consider other than the negligence of the [store] being the sole cause of the [customer's] injuries."[2] *Brantley v. Stewart Bldg. & Hardware Supplies, Inc.*, 274 Ark. 555, 626 S.W.2d 943, 946 (1982).

Applying the law set forth by the Arkansas Supreme Court to the facts of this case, the Court finds that Boler has failed to establish that Dollar General had exclusive control of the Mr. Clean bottles up to the time of her injury. As in *Dupont*, the record does not foreclose other possible

---

[1] In addition to distinguishing the facts in *Fleming* from the facts before them, the Eighth Circuit noted that although it was bound to apply Arkansas law as articulated by the Supreme Court of Arkansas, it was not bound by decisions of intermediate courts, such as the Arkansas Court of Appeals' *Fleming* decision. 652 F.3d at 884 (citing *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh*, 621 F.3d. 697 (8th Cir. 2010)).

[2] In Dupont, the court recognized that 20 minutes passed from the time the bins were replaced on the shelf to the time of the incident, and the bins were accessible to store customers during that time.

causes of the accident apart from negligence by Dollar Store or its employees. Thirty minutes passed from the time the store manager inspected the aisle where the Mr. Clean bottles were displayed until the time of the incident. Other customers entered the aisle during that time, and those customers, like Boler, would have had access to the bottles, thus eliminating Dollar General's exclusive control. It follows that *res ipsa loquitur* is inapplicable.

Based upon the foregoing, Dollar General's motion for summary judgment is granted, and judgment will be entered accordingly.

IT IS SO ORDERED this 14th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE